UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL BUMPAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    Case No. 4:24-cv-01047-MTS |
| | ) |
| MISSOURI HOUSING DEVELOPMENT | ) |
| COMMISSION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In this action, Plaintiffs make troubling allegations that their own government, the State of Missouri, discriminated against them based on their race. Specifically, Plaintiffs allege that the American Rescue Plan Act established the Homeowner Assistance Fund, which allocated funds to states to distribute based on homeowner need. To do so, Missouri created the Missouri State Assistance for Housing Relief for Homeowners. Plaintiffs allege that Missouri used race-based considerations in developing, marketing, and administering this program, preferring racial and ethnic minorities at the expense of non-minority homeowners. Such a racial preference would be problematic because, as the State of Missouri elsewhere has acknowledged, "the Supreme Court made clear that federal law does not tolerate differential treatment based on race: 'Eliminating racial discrimination means eliminating all of it.'" *See State of Missouri v. Starbucks Corp.*, 4:25-cv-00165-JAR, ECF No. 1 at ¶ 2 (E.D. Mo. Feb. 11, 2025) (quoting *Students for Fair Admissions, Inc. v. Pres. and Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023));

*accord Pena-Rodriguez v. Colorado*, 580 U.S. 206, 209 (2017) (recognizing that discrimination on the basis of race is "odious in all aspects").

\*

Plaintiffs filed this action against the Missouri Housing Development Commission ("MHDC"), its Executive Director, its Director of Homeownership, and all ten of MHDC's Commissioners.[1]  For now, narrow issues unrelated to the merits of the action are before the Court, issues raised by Defendants in two Motions to Dismiss.  In the first Motion to Dismiss, MHDC's Commissioners argue that they should be dismissed from this action.  Without reaching the precise legal issues these Defendants cite as the reason, the Court agrees that dismissal of the Commissioners is appropriate.

Plaintiffs sued the individual Defendants in their official capacities only.  Suits against state officials in their official capacities generally are understood to be "no different from a suit against the State itself."  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord* Doc. [47] at 12 (Plaintiffs arguing that "there is no material difference between suing MHDC and suing its Commissioners in their official capacities").  Plaintiffs have not identified any need to have the ten Commissioner Defendants in this action to secure the relief they request.  Having MHDC, its Executive Director, and its Director of Homeownership as Defendants would allow the Court to grant relief, if any, including through *Ex Parte Young*.[2]  *See 281 Care Comm. v. Arneson*,

---

[1] Missouri's Governor, Lieutenant Governor, Treasurer, and Attorney General are *ex officio* Commissioners along with six other individuals appointed by the Governor. *See* Mo. Rev. Stat. § 215.020.2.

[2] *Ex Parte Young*, 209 U.S. 123 (1908).

638 F.3d 621, 632 (8th Cir. 2011) ("Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law.").

For this reason, the Commissioners are redundant defendants, and courts routinely dismiss defendants rendered redundant based on official capacity claims. *See Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182, 1185 (8th Cir. 1998) (finding the district court correctly dismissed a claim under 42 U.S.C. § 1983 against a school official sued in his official capacity as redundant of a claim against the school district employing the official); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (finding the district court "properly dismissed" a claim against a police sergeant as redundant of a claim against the city). Courts dismiss redundant defendants because their inclusion is an "inefficient use of judicial resources." *See Jefferies v. D.C.*, 917 F. Supp. 2d 10, 29 (D.D.C. 2013). This inefficiency is heightened where, like here, redundant defendants are high-ranking government officials. *Cf. In re United States*, 197 F.3d 310, 313 (8th Cir. 1999) (explaining that "[h]igh ranking government officials have greater duties and time constraints" than others such that if other persons can provide information sought, discovery will not be permitted against such an official).

Therefore, the Court concludes that the dismissal of the Commissioner Defendants from this action is proper. The Court will grant the Commissioners' Motion to Dismiss and dismiss them from this action without prejudice. If, for whatever reason, the

Commissioner Defendants turn out to be necessary to effectuate relief,[3] the Court can and will add them back as Defendants. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

On to the second Motion to Dismiss. Doc. [40]. In this Motion, Defendants argue that the Court should dismiss Count I as to five of the Plaintiffs. Plaintiffs in turn maintain that those five Plaintiffs never intended to bring a claim in Count I in the first place. Doc. [47] at 9. But the Amended Complaint is, at best, unclear in that regard. Accordingly, the Court will grant this Motion as to that point to make clear that only Plaintiff Van Noy states a claim in Count I. Defendants also seek dismissal of these five Plaintiffs' requests for declaratory and injunctive relief in Count II. But Rule 12(b)(6) is aimed at the failure to state a claim upon which relief can be granted; it is not aimed at an improperly sought request for relief. *See* 5 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 1255 (4th ed.) ("[T]he selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type."); *see also Laird v. Integrated Res., Inc.*, 897 F.2d 826, 841–42 (5th Cir. 1990). The Court therefore will deny the Motion in this respect. Plaintiffs' requests for declaratory and injunctive relief in Count II remain.[4]

---

[3] That is, if Defendants' arguments have not precluded them from making such a contention in the future. *See* Doc. [42] at 9 (arguing that the Commissioner Defendants "are not proper *Ex parte Young* defendants"); *see also Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (discussing judicial estoppel).

[4] The Court does not reach and does not opine on Defendants' argument regarding the absence of the United States Treasury, which Defendants raised for the first time in their Reply brief. *See*

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner Defendants' Motion to Dismiss, Doc. [39], is **GRANTED** as described herein, and the Commissioner Defendants are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Surreply, Doc. [54], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count I and the Declaratory and Injunctive Relief Claims in Count II of Plaintiffs Bumpas, W. Routh, D. Routh, Barton, and Hawkins, Doc. [40], is **GRANTED** in part and **DENIED** in part as described herein.

**IT IS FINALLY ORDERED** that Defendants' Motion to Stay Rule 26 Disclosures, Doc. [43], is **DENIED** as moot.

Dated this 30th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

Doc. [51] at 4–8; *see also Jones v. City of St. Louis*, 599 F. Supp. 3d 806, 822 (E.D. Mo. 2022) (declining to consider argument raised for the first time in a reply brief); *cf. Crawford v. Gramex Corp.*, 208 F.3d 217 (8th Cir. 2000) (per curiam) ("We decline to consider the arguments Crawford raises for the first time in his reply brief.").